Honorable Leif B. Erickson
Federal Magistrate Judge
Missoula Division
Russell E. Smith Courthouse
201 East Broadway, Room 370
Missoula, MT  59802

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

_____

| | |
|---|---|
| PATRICK E. SMRZ, | Cause No. CV 05-197-M-LBE |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION |
| | OF U.S. MAGISTRATE JUDGE |
| NANCY SMITH, | |
| Montana Social Worker H&W, and | |
| KATHLEEN JENKS, Guardian Ad Litem, | |
| Defendants. | |

_____

This matter comes before the Court on Plaintiff's Application to Proceed *In Forma Pauperis*.  Plaintiff has submitted a proposed Complaint and request for a jury trial.

Plaintiff has completed a standard form for *in forma pauperis* applications, and a standard form statement of his inmate account.  He has also submitted a certified account statement from the Idaho South Correctional Institution.  However, the certified account statement is dated May 24, 2005, which is not within the required relevant time frame.

The statute governing proceedings *in forma pauperis* requires a certified copy of Plaintiff's inmate account "for the 6-month period immediately preceding the filing of the complaint" which

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 1

was December 12, 2005.  28 U.S.C. § 1915(a)(2).  The relevant 6-month period in this case is June 12, 2005 through December 12, 2005.

Nevertheless, despite the absence of the proper account information to process the application for leave to proceed *in forma pauperis*, the Court will address the merits of Plaintiff's Complaint.  The Ninth Circuit has held that

> [a] district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.

*Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987)).

In his Complaint Plaintiff alleges causes of action under various provisions of the U.S. Constitution with regard to state court proceedings involving the termination of his parental rights and the adoptive or custodial placement of his children.  Specifically, for his relief he requests that his parental rights be reinstated, that he be allowed to participate in custody and placement proceedings, that he be represented by counsel in those proceedings, and that all three of his children be placed in the same home.

Even liberally construed, Plaintiff's action only presents issues of domestic relations and family law.  It is a well-established principle that federal courts should decline

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 2

jurisdiction in cases concerning domestic relations when the primary issue concerns the status of parent and child or husband and wife.  *Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983); *Coats v. Woods*, 819 F.2d 236, 237 (9th Cir.), *cert. denied*, 484 U.S. 802 (1987).  As stated in *Peterson*, at 466,

> [t]he strong state interest in domestic relations matters, the superior competence of state courts in settling family disputes because regulation and supervision of domestic relations within their borders is entrusted to the states, and the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state makes federal abstention in these cases appropriate.

The federal courts should abstain from interfering with such parental rights and custody issues, which are more properly resolved by the state courts.  *Fern v. Turman*, 736 F.2d 1367, 1370 (9th Cir. 1984).  "If the status of parent and child [...] is the primary issue in a case, a federal court must decline jurisdiction."  *McIntyre v. McIntyre*, 771 F.2d 1316, 1317 (9th Cir. 1985).  *See also Buechold v. Ortiz*, 401 F.2d 371, 372 (9th Cir. 1968).  In such a situation the case must be dismissed.  *H.C. v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000).

Based on the foregoing, this Court has no subject matter jurisdiction over the issues Plaintiff has raised.  A district court may dismiss an action sua sponte whenever it appears that jurisdiction is lacking.  Fed. R. Civ. P. 12(h)(3); *Fiedler v. Clark*, 714 F.2d 77, 78-9 (9th Cir. 1983).

In accordance with *Minetti*, supra, the Court finds that

FINDINGS AND RECOMMENDATION OF
U.S. MAGISTRATE JUDGE - PAGE 3

Plaintiff's Complaint is without merit due to the lack of federal jurisdiction and, therefore, his application for leave to proceed *in forma pauperis* should be denied.

Furthermore, in accordance with *Minetti*, the Court is not required to give Plaintiff ten days to file written objections to the recommendation that his *in forma pauperis* application be denied. Plaintiff is not entitled to file objections to this recommendation. *Minetti*, 152 F.3d at 1114.

Based on the foregoing, the Court hereby enters the following:

## RECOMMENDATION

Plaintiff's Application to Proceed *In Forma Pauperis* should be **DENIED.**

The Clerk of Court is directed to forward this Recommendation directly to the District Judge for his consideration.

**PLAINTIFF MUST KEEP THE COURT ADVISED OF ANY CHANGE OF ADDRESS BY FILING WITH THE CLERK OF COURT A NOTICE OF CHANGE OF ADDRESS.**

DATED this  18th  day of January, 2006.

                                           /s/
                                           Leif B. Erickson
                                           United States Magistrate