FILED
MISSOULA, MT

2006 AUG 11  PM 4 00

PATRICK E. DUFFY

BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| PATRICK E. SMRZ, | ) | Cause No. CV 05-197-M-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | ORDER OF DISMISSAL |
| | ) | |
| NANCY SMITH, Montana Social | ) | |
| Worker H&W, and KATHLEEN | ) | |
| JENKS, Guardian Ad Litem, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On January 18, 2006, United States Magistrate Judge Leif B. Erickson entered Findings and Recommendation in this matter, concluding that Plaintiff Smrz's application to proceed in forma pauperis should be denied. Smrz filed a brief in support of the Complaint on January 26, 2006, and objections on February 6, 2006.

On June 23, 2006, this Court ordered Smrz to respond to certain questions that were designed to assist the Court's prescreening process, which applies to all complaints against governmental entities or employees. See 28 U.S.C. § 1915A(a).

Smrz appropriately responded on July 14, 2006. The Court asked him to provide a copy of a decision by the Montana Supreme Court, dated December 7, 2004, to which he referred in his brief in support of the Complaint. He did so. Based on that decision, it

ORDER OF DISMISSAL / PAGE 1

is clear that this case must be dismissed.

Smrz's Complaint alleges that his parental rights to his daughter were terminated without notice to him and without an opportunity to appear at a hearing through appointed counsel. See Compl. (doc. 1) at 3-4A. He contends that, as a result, his rights under the Fourteenth Amendment, as well as the First, Fourth and Fifth Amendments, were violated.

Smrz is correct that his parental interest in his daughter is significant. "The liberty interest at issue in this case - the interest of parents in the care, custody, and control of their children - is perhaps the oldest of the fundamental liberty interests" recognized and protected by the United States Supreme Court under the Due Process Clause of the Fourteenth Amendment. Troxel v. Granville, 530 U.S. 57, 65 (2000); see also id. at 65-66 (citing, inter alia, Meyer v. Nebraska, 262 U.S. 390, 399 (1923); Pierce v. Society of Sisters, 268 U.S. 510, 534-535 (1925); Stanley v. Illinois, 405 U.S. 645, 651 (1972); Wisconsin v. Yoder, 406 U.S. 205, 232 (1972); Washington v. Glucksberg, 521 U.S. 702, 720 (1997)).

However, the questions Smrz raises in his Complaint are identical to questions he raised in the Montana Supreme Court. 28 U.S.C. § 1738 requires the federal courts to give preclusive effect to a State's judgments "whenever the courts of the State from which the judgments emerged would do so." Allen v. McCurry, 449 U.S. 90, 96 (1980); see also Manufactured Home Communities, Inc. v. City of

ORDER OF DISMISSAL / PAGE 2

San Jose, 420 F.3d 1022, 1031 (9th Cir. 2005) ("To determine the preclusive effect of a state court judgment federal courts look to state law.") (internal quotations, citations, and brackets omitted). Doctrines of preclusion apply in § 1983 actions, as well as other actions based on federal law, to the same extent they apply in any other case. Allen, 449 U.S. at 97-98; see also Spoklie v. Montana, 411 F.3d 1051, 1055-56 (9th Cir. 2005) (applying Montana law in determining the preclusive effect of a Montana judgment on federal constitutional issues).

Collateral estoppel is "based on a judicial policy favoring a definite end to litigation." Stanley and Carolyn M. Watkins Trust v. Lacosta, 92 P.3d 620, 626 ¶ 26 (Mont. 2004). Collateral estoppel can preclude a party from relitigating legal issues as well as certain fact questions that were decided in a previous action. See Federated Mut. Ins. Co. v. Anderson, 991 P.2d 915, 936 ¶ 59 (Mont. 1999).

Collateral estoppel applies if (1) the same issue was raised and decided in the previous action, (2) there was a final judgment on the merits, and (3) the party against whom estoppel is asserted was a party or in privity with a party in the previous action. Estate of Watkins v. Hedman, Hileman & Lacosta, 91 P.3d 1264, 1272 (Mont. 2004).

Here, the Montana Supreme Court issued a final judgment on the merits, and Smrz, who was a party in that action, is the party against whom estoppel applies here. Thus, the last two criteria

ORDER OF DISMISSAL / PAGE 3

are met.

So is the first. In its decision, the Montana Supreme Court pointed out that Smrz "claims he was not properly served with notice of the proceedings" and "further claims he was not notified of his right to counsel or to have counsel appointed for him if he was indigent." Opinion at 4, ¶ 9, In the Matter of P.D.L., No. 03-801 (Mont. Dec. 9, 2004). Those are the same claims he makes here. The Montana Supreme Court found that Smrz received notice of the proceedings and set forth the evidence in support of that fact. Id. at 6-7, ¶ 16. Additionally, the Montana Supreme Court found that the state district court erred in failing to advise Smrz of his right to counsel, but concluded that Smrz was not prejudiced by that fact because he was convicted of sexual abuse of P.D.L.'s older half-sister. That fact alone would have been sufficient cause to terminate Smrz's right to parent P.D.L.; "no reasonable court would have preserved his parental rights under the facts of record." Id. at 8-9, ¶¶ 18-19.

These determinations have preclusive effect here, and Smrz may not relitigate them. His complaint must be dismissed with prejudice. For these reasons, the Court adopts in full Judge Erickson's recommendation (doc. 4) that Smrz's motion to proceed in forma pauperis should be denied. The Complaint will also be dismissed with prejudice.

Accordingly, **IT IS HEREBY ORDERED** that Smrz's motion to

ORDER OF DISMISSAL / PAGE 4

proceed in forma pauperis (doc. 2) is DENIED.    The case is DISMISSED WITH PREJUDICE based on the doctrine of collateral estoppel.

DATED this ____ day of August, 2006.

_____
Donald W. Molloy, Chief Judge
United States District Court

ORDER OF DISMISSAL / PAGE 5